NEILL G. WADE, APPELLANT, v. ATLANTIC LUMBER COMPANY, A DOMESTIC CORPORATION, APPELLEE.

ON PETITION FOR RE-HEARING.

1. Concession of counsel as to irregularity in the passage of a law will not influence the court in determining the constitutionality of an act of the legislature.

2. Parol evidence is not admissible against the affirmative showing of the journals of the Legislature.

This case was decided by the Court En Banc.

*Maxwell & Reeves,* for Petitioner Atlantic Lumber Company.

COCKRELL, J.   In its petition for re-hearing, the appellee suggests that we erred "in holding and assuming that the counsel for appellee conceded irregularity in the passage of the act of the legislature known as Chapter 4267 of the Acts of 1893, such as would limit the consideration by the court of the sufficiency of the title of said act to the title 'An Act to Incorporate the Atlantic, Suwannee River and Gulf Railroad Company.'" The quoted suggestion is not exactly the statement of the opinion which followed as the court understood and recalled the oral argument of at least one of the attorneys for the appellee the exact concession made.   We are unwilling however to be placed in the attitude of taking issue with counsel on a matter of memory and therefore withdraw from the opinion any inference that might attach to such concession.

It was however not the "concession" of counsel that rendered the grant unconstitutional and void nor did such concession operate upon the minds of the court in so holding; but the fact disclosed affirmatively by the Journals of the Legislature that the title of the act, *as it passed* the two houses and was voted on by the Legislators, was too restrictive to apprise them that such a land grant was being made.

The appellee also asks that the decree be modified to enable the petitioner to show that the title to the bill as actually introduced into the House and at all subsequent stages was in the form as now published, and that the fact of the shorter form appearing in the Journals was due to the mistake or carelessness of the clerks.   To grant this request would be to permit uncertain parol evidence to countervail the legislative journals and would produce overwhelming uncertainty as to the validity, force or effect of every law upon the statute books; if admitted for

the purpose of sustaining an act, it would be equally admissible to overthrow an act and cannot be permitted. Happel v. Brethauer, 70 Ill. 166; Attorney General v. Rice, 64 Mich. 385, 31 N. W. Rep. 203; White v. Hinton, 3 Wyo. 753, 30 Pac. Rep. 953, S. C. 17 L. R. A. 66; Common Council of City of Detroit v. Board of Assessors of City of Detroit, 91 Mich, 78, 51 N. W. Rep. 787, S. C. 16 L. R. A. 59.

The only other point presented is, we think, sufficiently answered in the original opinion and the petition is denied.

SHACKLEFORD, C. J., TAYLOR, HOCKER and PARKHILL, JJ., and MALONE, Circuit Judge, concur.

WHITFIELD, J., disqualified.