J. L. GOFF, *Plaintiff in Error*, v. J. H. RICKERSON, SHERIFF, *Defendant in Error*.

Unless it clearly appears that the constitution has been violated or that a bill shown by the journals of the legislature to have been duly passed by the senate and by the House of Representatives, is in fact not the bill proclaimed to be a statutory enactment, the court will not declare the statute inoperative merely because the entries in the journal of the House of Representatives are not in exact order of actual or logical procedure or sequence.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Suwannee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

PER CURIAM.—The plaintiff in error was convicted of a felony in the Criminal Court of Record for Suwannee County, Florida, and the judgment was affirmed. 60

Fla., 13, 53 South. Rep., 327.   Subsequently, he instituted habeas corpus proceedings in the Circuit Court for Suwannee County to test the validity of Chapter 5771, Acts of 1907, entitled "An Act to Establish a Criminal Court of Record in Suwannee County, State of Florida," in which court he was convicted.   On being remanded by the court the petitioner took writ of error.   The validity of the act was sustained in Rushton v. State, 58 Fla., 94, 50 South. Rep., 486.

It is here contended that as the entries in the Journal of the House of Representatives showing the enrollment and the signing of the House bill which became the act in question, precede the entry showing the return of the bill from the Senate after its passage by that body, the act is void because the bill signed is not the bill that was passed by the two houses of the legislature.

The Journal of the House of Representatives of May 2nd, 1907, shows the passage of House Bill No. 378 entitled "An Act to Establish a Criminal Court of Record in Suwannee County, State of Florida;" and its transmission to the Senate, and the Senate Journal of May 2nd, 1907, shows the passage of the same bill by the Senate, and also an order that the bill be immediately transmitted to the House of Representatives. The House Journal of May 3rd, 1907, shows the enrolling and the signing of the bill by the officers of the House, and a subsequent entry in the House Journal of the same day shows the message from the Senate dated May 2nd, 1907, transmitting the bill to the House.   The mere fact that the message from the Senate transmitting the bill to the House appears in the House Journal subsequent to the entries on the same day that the bill was duly enrolled and signed by the officers of the House does not show that the bill was in fact enrolled and signed by the officers of the House before it was actually received from the Senate, and that

therefore the bill signed in the House on May 3rd, 1907, was not the bill passed by the House and then by the Senate on May 2nd, 1907, and on that day ordered to be immediately returned to the House. The constitution requires the journals to show the passage of a bill by each house, and of course to become a law, the same bill must be shown by the journals to have been properly passed in each house; but the constitution does not require the journals to show the enrolling and signing of bills that have been passed. Unless it clearly appears that the constitution has been violated or that a bill shown by the journals to have been duly passed by both houses of the legislature is in fact not the bill proclaimed to be a statutory enactment, the court will not declare the statute inoperative merely because the entries in the legislative journals are not in exact order of actual or logical procedure or sequence. The positions of the entries in House Journal of the same day showing the receipt of the bill by the House and the enrollment and signing of it by the officers of the House, do not of themselves invalidate the Act establishing the court in which the petitioner was convicted. See West v. State, 50 Fla., 154, 39 South. Rep., 412.

The judgment remanding the petitioner is affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.