THE STATE OF FLORIDA, *Plaintiff in Error*, v. HUGH C. BETHEA, *Defendant in Error*.

1.  Section 16 of Article 3 of the constitution requires the subject only of an act to be "briefly expressed in its title."

2.  The provision of the constitution that the subject of an act shall be "briefly expressed in its title," requires only that the subject shall be at least briefly expressed in the title, and it does not authorize the court to pass upon the brevity with

State v. Bethea—Syllabus.

which the subject is expressed in the title where the title is not misleading or does not violate some principle of organic law.

3. The subject of an act may be expressed generally in the title, but, even if the general subject is not expressly named therein, if it is clearly disclosed or may be readily inferred or easily spelled out from the details expressed in the title, it will be sufficient.

4. While the one general subject of chapter 5929, acts of 1909, may not be specifically expressed in the title, the matters stated at some length in the title are appropriate to one general subject and matter properly connected therewith. The subject may be ascertained by a consideration of the several matters expressed in the title, and there is nothing contained therein to mislead or to render the title violative of organic law.

5. The numbers and titles of bills are given in the journals for the purpose of identification and information as to the contents of the bill. Even though a portion of a lengthy title is omitted in some of the journal entries, yet where it clearly appears that the entries apparently refer to the same bill and give fair notice of its contents, this is at least prima facie sufficient.

6. Where the journals clearly show that a bill was passed by the House of Representatives by its full title and was transmitted to and read by the Senate by the same title, and that the bill was passed by the Senate by an abbreviated but not misleading title, but it appears that although the journal entries as to the title were not uniform the same bill by a sufficient title was considered in and duly passed by each House, the act is not void on the ground that it appears the same bill was not passed by each House.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Park Trammell*, Attorney General, and *H. S. Phillips*, State Attorney for the Sixth Judicial Circuit, for Plaintiff in Error;

*Jno. W. Burton*, for Defendant in Error.

WHITFIELD, C. J.—Hugh C. Bethea was indicted and arrested on a capias for violation of chapter 5929, acts of 1909. On habeas corpus proceedings he was discharged, the court holding that the statute is void because it was not enacted in accordance with the requirements of organic law, in that it appears from the legislative journals that the act was passed by the house by its full title, and was then passed by the Senate by a title embracing the first half of the full title only. A writ of error was allowed and taken by the State under section 2257, General Statutes of 1906.

The title to chapter 5929 is as follows:

"An act to require certain sworn statements of campaign expenses from candidates in primary elections; making certain requirements in the form of ballots used in primary elections; requiring certain duties of inspectors in properly identifying persons to whom ballots are given in primary elections; providing for the absenting of employees from their work on primary election days; prohibiting candidates from making donations of things of value; prohibiting persons from distributing certain writing against any candidate in the primary on primary day; providing for compensation of inspectors of the primary in certain cases; prescribing penalties for violation of the primary laws of this State by officials, electors

and other persons; prohibiting the use or solicitations of money to influence primary elections, including payment of poll taxes; prohibiting tax collectors from receiving poll taxes from persons other than the one owing it, and providing penalties for violations of the primary law by members of committees, inspectors and clerks of primary elections and for the publication of this act."

Section 15 of the act under which the indictment was found, is as follows:

"Sec. 15. Any person who shall give, lend, solicit, request, demand or receive, directly or indirectly, any money, intoxicating liquor, or any other thing of value, of whatever nature or kind, whatsoever, or the promise thereof, either to influence a vote or under pretense of being used to procure the vote of any other person or persons; or to be used at any poll or other place prior to or on the day of any primary election, for or against any candidate for office, shall be deemed guilty of the infamous crime of bribery and, upon conviction thereof in any court of record, shall be sentenced to disfranchise ment by the judge of such court for a term of not more than ten years, and to the county jail for not less than one year; and for the conviction of a second offense under this section, the first being alleged and proven, such offender shall be, by sentence of the court, forever thereafter disfranchised and deprived of his right to vote at a primary in this State, and to be imprisoned in the State penitentiary not more than five years. Prosecutions may be had under this section by indictment in the circuit court or by information in a criminal court of record, and the effect of a sentence of disfranchisement in either of said courts, both have jurisdiction of offenses hereunder, shall be to deprive such person sentenced of the right to vote at any primary in this State for a period of time

fixed by the court where such person shall be convicted under this section.

Solicitations of any person for a loan or gift of money or the purchase of anything of value, or any other subterfuge, shall be deemed a violation of the provisions of this section.

This section shall be construed so as to embrace any payment or attempt to pay, or any solicitation or acceptance of the payment of any poll or capitation tax, or the loan of money therefor, whether it be for the express purpose of influencing any voter or not."

Section 16 of article 3 of the constitution requires the subject only of an act to be "briefly expressed in its title." Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747.

The provision of the constitution that the subject of an act shall be "briefly" expressed in its title, requires only that the subject shall be at least briefly expressed in the title, and it does not authorize the court to pass upon the brevity with which the subject is expressed in the title where the title is not misleading or does not violate some principle of organic law.

The subject of an act may be expressed generally in the title, but, even if the general subject is not expressly named therein, if it is clearly disclosed or may be readily inferred or easily spelled out from the details expressed in the title, it will be sufficient. State *ex rel.* Moodie v. Bryan, 50 Fla., 293, 39 South. Rep., 929.

While the one general subject of chapter 5929, acts of 1909, may not be specifically expressed in the title, the matters stated at some length in the title are appropriate to one general subject and matter properly connected therewith. The subject may be ascertained by a consideration of the several matters expressed in the title, and

there is nothing contained therein to mislead or to render the title violative of organic law.

It appears from the legislative journals that the act was duly passed by the House of Representatives as "House bill No. 705" with the title as set out above and that the bill was transmitted to the Senate by the same number and title. It also appears that the bill was read in the Senate the first time by its title and referred to a committee. This committee reported the bill back to the Senate as "House bill No. 705. A bill to be entitled an act to require certain sworn statements of campaign expenses from candidates in primary elections; making certain requirements in the form of ballots used in primary elections, requiring certain duties of inspectors in properly identifying person to whom ballots are given in primary elections; providing for the absenting of employees from their work on primary elections days; prohibiting candidates from making donations of things of value; prohibiting persons from distributing certain writings against any candidate in the primary on primary day, etc."

The Senate adopted amendments to and passed "House bill No. 705" with the abbreviated title as above set out except that the word "etc." was not added. The bill was reported back to the House under the short title. The Senate amendments were concurred in, and the bill was referred to the committee on enrolled bills. It was reported back to the House by the committee as being correctly enrolled under the full title as originally passed by the House. A like report under the full title was made to the Senate. The bill was signed by the officers of each House under the full title, and thus became a law when signed by the Governor.

It is clear that the same bill was acted on and passed by each house and that the full title was sufficiently disclosed in each house. The numbers and titles of bills are given in the journals for the purpose of identification and information as to the contents of the bill. Even though a portion of a lengthy title is omitted in some of the journal entries, yet where it clearly appears that the entries apparently refer to the same bill and give fair notice of its contents, this is at least prima facie sufficient. This conclusion does not conflict with the decisions in the cases of Wade v. Atlantic Lumber Co., 51 Fla., 638, 41 South. Rep. 72, and State *ex rel.* Attorney General v. Green, 36 Fla. 154, 18 South. Rep. 334, or with Chicago, B. & Q. R. Co. v. Smyth, 103 Fed. Rep. 376 and other cases relied on by the defendant in error. See also State *ex rel.* v. Hocker, 36 Fla., 358, 18 South. Rep., 767. The constitution does not regulate the manner in which bills are referred to in the journals of the legislature, and the courts can impose no such regulation. No constitutional provision appears to have been violated in the entries referred to and they were not of a misleading character. See Goff v. Rickerson, 61 Fla. 29, 54 South. Rep. 264.

Section 15 of the Act is clearly a part of a general subject covered by the matters expressed in the title or of matters properly connected with such subject, there fore section 16 of Article 3 of the Constitution does not appear to have been violated.

The judgment is reversed.

SHACKLEFORD, and COCKRELL, J. J. concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.