H. C. MASHBURN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 27, 1913.

1. The requirement of labor upon the public highways is not a tax in the sense in which the word is used in the State constitution.

2. Section 8 of Chapter 6276 of the Laws of Florida, (Acts of 1911, p. 255), is not unconstitutional by reason of being violative of Section 5 of Article IX of the State Constitution or of Section 16 of the Declaration of Rights.

3. Section 8 of Chapter 6276 of the Laws of Florida (Acts of 1911, p. 255), does not include women and render them liable to road duty.

Writ of error to the Circuit Court of Jackson County.

Judgment affirmed.

*Smith & Davis*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, for the State.

SHACKLEFORD, C. J.—H. C. Mashburn, having been arrested on a warrant, charging him with failing and refusing to work a certain described road for the statutory period, to provide an able-bodied substitute in his place, or to pay the sum of four dollars in lieu thereof, as provided by statute, sued out a writ of habeas corpus. At a hearing before the Circuit Judge, the petitioner interposed the following demurrer to the return of the sheriff:

"Now comes defendant and demurs to the return herein filed by respondent upon the following grounds, towit:

1st. Said return shows that defendant is being held by him under warrant upon affidavit made under Chapter 6276, Laws of Florida, 1911, and said Section 8 of Chapter 6276 is unconstitutional or contrary to the Constitution of the State of Florida, same being contrary to Section 5, Article IX, and Section 16, of Declaration of Rights, as by said Constitution, and is also against public policy.

2nd. That Section 8 of the law under which this warrant attached to return issued, is contrary to Section 5, Article 9, and Section 16, Declaration of Rights of the Constitution of Florida, in that it provides imprisonment for debt and also provides for more than One Dollar capitation tax, and is also against public policy, as it requires both male and female to comply with the law therein prescribed, and requires sick and disabled persons, not permanently so, to comply therewith."

This demurrer was overruled and the petitioner declining to plead further a judgment was rendered remanding him to the custody of the sheriff to be dealt with according to law. A writ of error was granted for the review of this judgment.

The point presented for determination is the consti-
tutionality of Section 8 of Chapter 6276 of the Laws of
Florida (Acts of 1911, page 255), which is as follows:

"Every able-bodied person over the age of eighteen
years and under the age of fifty-five years, residing in
said county of thirty days or more continuously shall be
subject and liable to work on the roads of said county
for eight days in each and every year. Such time of
service shall not be less than ten hours per day, and shall
be performed at the time and place, and in the manner
herein provided, when duly summoned as herein provid-
ed. Provided, that such person so subject to road duty,
when duly summoned to work the roads within his dis-
trict may perform such service by an able-bodied substi-
tute over the age of eighteen years; or in lieu of perform-
ing such service may pay to the collector of revenues of
said county the sum of four dollars, on or before the
first day of August, A. D. 1911, and on or before the first
day of April for each year thereafter. All persons mov-
ing into said county after the first day of April of any
year, who shall be subject to road duty as herein pro-
vided, may upon being summoned as aforesaid to per-
form such service, pay to the collector of revenues for
said county the sum of four dollars in lieu of perform-
ing such service and the said collector of revenue shall
give such person or persons his receipt therefor; and
upon producing such receipt to the Road Superintendent
or his deputy, he shall be exempt for such year from
road duty. All moneys paid by any person or persons
whomsoever, in lieu of performing road duty shall be
paid into the road and bridge fund of said county and
shall constitute a part thereof, and shall be used by said
county for the purposes hereinafter provided.

All maimed and disabled persons actually unable to

perform manual labor who shall secure from some practicing and licensed physician a certificate showing such permanent disability, and the nature thereof, which such certificate shall further show that it is the opinion of such physician that such party to whom such certificate is given is actually by reason of such disability unable to perform manual labor, persons of unsound mind, ministers of the gospel in charge of a church shall be exempt from road duty under this section, and from the payment of the sum of money provided to be paid herein in lieu of performance of road work herein required to be done and performed.

Any person not exempt as aforesaid from performing road duty, or who shall fail to pay the sum of money herein required in lieu thereof, who shall fail or refuse to work upon the public roads in said county when so required to do as herein provided, or who shall fail to provide a substitute to do such work, shall be deemed guilty of a misdemeanor, and shall be punished as by statutes in such cases made and provided."

It is contended by the plaintiff in error that this section undertakes to impose "a road tax of $4.00 per capita on all persons (not simply males), who were able-bodied and over 18 and under 45 years of age," and is, therefore, violative of Section 5 of Article IX of the Constitution of Florida, which is as follows:

"The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own

SUPREME COURT OF FLORIDA.

assessments for municipal purposes upon the property within their limits. The Legislature may also provide for levying a special capitation tax, and a tax on licenses. But the capitation tax shall not exceed one dollar, and shall be applied exclusively to common school purposes."

It is further contended that Section 8 of the law which we have quoted above, is also violative of Section 16 of the Declaration of Rights, which is in the following language, for the reason that the sum of $4.00, so sought to be imposed, being a tax, is also a debt:

"No person shall be imprisoned for debt except in cases of fraud."

We are of the opinion that these contentions of the plaintiff in error have already been decided adversely to him in Galloway v. Town of Tavares, 37 Fla. 58, 19 South· Rep. 170, wherein we expressly held that the requirement of labor upon the public highways is not a tax in the sense in which the word is used in our constitution. We content ourselves with the reasoning used and the authorities referred to in the cited case. This is sufficient for a proper disposition of the instant case, but we shall briefly discuss one of the other points raised in the brief of the plaintiff in error. As to his contention that the language used in the statute is of such a sweeping and comprehensive nature as to embrace women as well as men, we are of the opinion that a careful reading of the statute in its entirety negatives the idea that it includes or was intended to include women and render them liable to road duty. See the discussion and authorities cited in Bloomer v. Todd, 3 Wash. Ter. 599, 19 Pac. Rep. 135, 1 L. R. A. 111. See also Section 1 of the General Statutes of 1906; Conklin v. Goldsmith, 5

Fla. 280; Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969.

It follows that the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.