JAKE BUTLER, *Plaintiff in Error*, v. J. W. PERRY AS SHERIFF, *Defendant in Error*.

## Opinion Filed April 28, 1914.

1. An allegation that an accused "being duly summoned to work on the L. and T. public road failed to work as required by statute, contrary to statute," does not entirely fail to allege an offense under Chapter 6537 Acts of 1913, so as to make a conviction thereunder wholly without authority of law.

2. A criminal charge is not fatally defective because it does not allege defensive matters that are not a part of the definition of the offense charged.

3. While the title of an act is by the constitution required to briefly express the subject of the enactment, it need not state matters properly connected with such subject that are embraced in the body of the law; and the language used in

expressing the subject of the enactment is within the legislative discretion.

4.  If the language of the title considered with reference to the legislative intent as shown by the purpose and object of the act, may by any fair intendment cover the subject of the act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germain to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment.

5.  A wide latitude must of necessity be accorded the legislature in its enactments of law; and it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith."

6.  If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary.  The title need not be an index to the contents of the act.

7.  The provisions of Sections 10, 11 and 12 of Chapter 6537 are within the subject expressed in the title of the act and are matters properly connected therewith.

8.  While section 19 of the Declaration of Rights of the State Constitution and the 13th and 14th Amendments to the Federal Constitution may be effective without further legislation on the subjects covered by the organic provisions, such sections are not intended to interfere with the enactment and enforcement of State laws where substantial private rights are not arbitrarily invaded.

9.  The organic provisions relating to "involuntary servitude" are not applicable where a person has been convicted of a crime.

10.  In criminal prosecutions the organic guaranties of due process of law are satisfied where sufficient notice of the accusation and an adequate opportunity to defend are afforded in a proper tribunal on a charge made uner a valid statute.

11.  Sections 10, 11 and 12 of Chapter 6537 do not invade the organic rights of due process and equal protection of the laws, nor unlawfully impose involuntary servitude.

Writ of Error to Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*C. C. Howell,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Defendant in Error.

WHITFIELD, J.—Jake Butler was convicted in the court of the County Judge for Columbia County upon an affidavit charging that he "being duly summoned to work on the Lake City and Troy public road failed to work as required by statute, contrary to statute." He was sentenced to pay a fine of $5.00, or in default thereof to imprisonment for thirty days.

In habeas corpus proceeding based upon the propositions that the affidavit is fatally defective and that the statute under which the conviction was had is unconstitutional, the petitioner was remanded to custody. A writ of error was duly allowed and taken. It is contended here that the affidavit wholly fails to allege a crime; that the title of the statute, Chapter 6537, does not cover the sections of the statute under which the petitioner was convicted; and that the stated sections violate the following provisions of the organic law: "No

person shall * * * be deprived of life, liberty or property without due process of law; nor shall private property be taken without just compensation." Secs. 12 and 19 Declaration of Rights, State Constitution, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party has been duly convicted, shall ever be allowed in this State." "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall ever exist within the United States, or any place subject to their jurisdiction." Sec. 1, Art. XIII Amendments to Federal Constitution. "No State shall * * * deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Sec. 1, Art. XIV Amendments to Federal Constitution.

The affidavit does not entirely fail to allege an offense under the statute, so as to make the conviction wholly without authority of law as in *ex parte* Bailey, 39 Fla. 734, 23 South. Rep. 552, and Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436. See 66 Fla. 335.

The contention that the affidavit is fatally defective in that it does not allege that the accused was not exempt from the duties imposed by the statute, is not tenable, since the exemptions are not a part of the definition of the statutory offense; and if the accused is entitled to the benefit of any one of the exemptions, it could have been presented as a defense. Baeumel v. State, 26 Fla. 71, 7 South. Rep. 371; Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220.

The title and sections 10, 11 and 12 of Chapter 6537, are as follows:

"AN ACT to Provide for the Method and Manner of Opening, Establishing, Building, Constructing and Main-

taining Public Roads and Bridges in the State of Florida, and to Provide a Road and Bridge Fund for the Several Counties in the State of Florida, and for the Assessment and Collection of Same.

Section 10.   Every able-bodied male person over the age of twenty-one years and under the age of forty-five years, residing in said County for thirty days or more continuously next prior to the date of making of the list by the Board of County Commissioners, or the date of the summons or notice to work, shall be subject, liable and required to work on the roads and bridges of the several Counties for six days of not less than ten hours each in each year when summoned so to do, as herein provided; that such persons so subject to road duty may perform such services by an able-bodied substitute over the age of eighteen years, or in lieu thereof may pay to the road overseer on or before the day he is called upon to render such service the sum of three dollars, and such overseer shall turn into the County Treasury of his County any and all moneys so paid to him, the same to be placed to the credit of the road and bridge fund and subject to the order of the Board of County Commissioners for road and bridge purposes; and Provided, further, That all moneys collected in lieu of road duty shall be expended by the Board of County Commissioners upon the public roads and bridges in the subdivision where such road duties should have been performed.

Sec. 11.   All persons who shall have lost a limb, or shall be incapacitated from earning a livelihood by physical disability, by ordinary manual labor, which disability shall be of such character as to disable them at all times from so earning a livelihood by manual labor, persons of unsound mind, and ministers in charge of a church, and

persons who shall have performed their full proportion of road work in any other County or district or road subdivisions, and persons who shall have been previously exempted by reasons of having reached the age of forty-five years, and residents of an incorporated city or town shall be exempted from road duty under the provisions of this Act.

Sec. 12. Any person or persons not exempt as aforesaid who shall fail to work on public roads of the several Counties when required to do so, or to provide a substitute as herein provided, and shall neglect or refuse to make payment for the same, as hereinbefore provided shall be guilty of a misdemeanor and upon conviction shall be fined not more than fifty dollars or imprisoned in the County jail for not longer than thirty days."

Section 16, Article III of the Constitution provides that "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

While the title of an Act is by the Constitution required to briefly express the subject of the enactment, it need not state matters properly connected with such subject that are embraced in the body of the law; and the language used in expressing the subject of the enactment is within the legislative discretion. If the language of the title considered with reference to the legislative intent as shown by the purpose and object of the act, may by any fair intendment cover the subject of the act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germain to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment. A wide

latitude must of necessity be accorded the Legislature in its enactments of law; and it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith." If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary. The title need not be an index to the contents of the act. The subject of the act here considered is the method and manner of providing public roads and bridges, and sections 10, 11 and 12 seeking to make the act effective are not clearly and undoubtedly outside of, but are included within, the subject and matters germain thereto or properly connected therewith. See State v. Bethea, 61 Fla. 60, 55 South. Rep. 550; State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929; Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 South. Rep. 874; Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747; State ex rel. Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767; State v. Closser, — Ind. — 99, N. E. Rep. 1057; State v. Grier, —— Del.——, 88 Atl. Rep. 579.

While the sections of the Declaration of Rights of the State Constitution and the 13th and 14th Amendments to the Federal Constitution above quoted may be effective without further legislation on the subject covered by the organic provisions, such sections are not intended to interfere with the enactment and enforcement of State laws where substantial private rights are not arbitrarily invaded. The organic provisions relating to "involuntary servitude" are not applicable where a person has been convicted of a crime as is the case here. The statute above quoted does not impose arbitrarily unequal or op-

pressive burdens or require imprisonment except upon conviction in due course of law for the violation of a provision making it a misdemeanor to fail to perform a public duty in maintaining the public highways in pursuance of a statute enacted under the police power of the State.

No question of excessive or arbitrary punishment is presented.

In criminal prosecutions the organic guarantees of due process of law are satisfied where sufficient notice of the accusation and an adequate opportunity to defend are afforded in a proper tribunal on a charge made under a valid statute as in this case. Rogers v. Peck, 199 U. S. 425, 26 Sup. Ct. Rep. 87; Garland v. Washington, —— U. S. ——, 34 Sup. Ct. Rep. 456.

The sections of the statute here assailed make the failure to perform a public duty a misdemeanor, and in doing so it does not deny due process of law or take property without compensation. Such a regulation is clearly within the province of the lawmaking power of the State, and the enactment does not appear to be an arbitrary exercise of governmental power that invades the private rights of persons affected by it. See Mashburn v. State, 65 Fla. 470, 62 South. Rep. 586. Uncompensated obedience to laws duly enacted in the valid exercise of the police power is not a taking of property without due process of law, or without compensation. See New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U. S. 453, 25 Sup. Ct. Rep. 471. Where the power to enact a statute appears, its expediency is determined not by the courts but the Legislature in enacting the statute. See McLean v. State of Arkansas, 211 U. S. 539, 29 Sup. Ct. Rep. 206; Jacobson v. Massachusetts, 197 U. S. 11, 25 Sup. Ct. Rep. 353. The classifications and exceptions contained in the statute are legislative determinations,

and they are not clearly without reasonable basis in practical differences of a substantial and just nature, but on the contrary appear to be justified.   See Patsone v. Pennsylvania,——, U. S.——. 34 Sup. Ct. Rep. 281; Adams v. City of Milwaukee, 228 U. S. 572, 33 Sup. Ct. Rep. 610. For authorities on the subject of equal protection of the laws see Dutton Phos. Co. v. Priest, decided at this term. The statute in this case is wholly different from those considered in Toone v. State, —— Ala.,——, 59 South. Rep. 665, 42 L. R. A. (N. S.) 1045, and in Bailey v. State of Alabama, 219 U. S. 219, 31 Sup. Ct. Rep. 145.

The judgment remanding the petitioner is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.

(Writ of Error taken to U. S. Supreme Court in this case.)