HARRY GOODE, *Plaintiff in Error,* v. F. M. Nelson, Sheriff, *Defendant in Error.*

## Opinion Filed January 18, 1917.

1. As "involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted," is forbidden "within the United States" by the Federal Constitution, a crime to be punished by imprisonment cannot lawfully be predicated upon the breach of a promise to perform labor or service.

2. Chapter 6528 Acts of 1913 in effect provides punishment for failure or refusal, without just cause, to perform labor or service under a contract, thereby violating the Federal law which is the supreme law of the land within its sphere of operation.

Writ of Error to Circuit Court for Bay County; D. J. Jones, Judge.

Judgment reversed.

*S. K. Gillis* and *J. Ed Stokes,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

PER CURIAM.—Harry Goode having been convicted in the County Court for Bay County and sentenced and committed to imprisonment upon a charge that he did contract with one J. B. T. to work and perform labor for him by reason of such contract and with the intent to injure and defraud him, obtained from him money to the amount and value of $37.00 as a credit and advancement, and without just cause failed to perform said labor as contracted, and demand being made for the payment of said money failed to pay said money contrary to the following statute: "Any person in this State who shall contract with another to perform any labor or service and who shall, by reason of such contract and with the intent to injure and defraud, obtain or procure money or other thing of value as a credit or advances from the person so contracted with and who shall, without just cause, fail or refuse to perform such labor or service or fail or refuse to pay for the money or other thing of value so received upon demand, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not exceeding five hundred dollars or by imprisonment for a period not exceeding six months. Sec. 1, Chap. 6528, Acts of 1913.

On *habeas corpus* before the Circuit Judge the petitioner was remanded to custody under the commitment, and a writ of error was allowed and taken. The contention is that the State statute violates the Federal organic law. Bailey v. State of Alabama, 219 U. S. 219, 31 Sup. Ct. Rep. 145.

The Circuit Judge expressed the view that: "If one procures the money or other thing of value upon the contract to perform service in good faith, and afterwards fails and refuses to perform the service or to pay for the money or other thing of value so received upon demand,

he is not guilty of any crime under this statute. If one obtains money or other thing of value under a contract to perform service with the intent, at the time of procuring the money or other thing of value, to defraud and injure, and makes effective such intention by refusing to perform the service, or to pay for the money or other thing of value upon demand, it cannot be said that upon conviction that he is imprisoned for debt, because the relation of debtor and creditor never existed by reason of the contract any more than if he had gained possession of the money or property by embezzlement or larceny; neither can it be said that the statute enforces involuntary servitude, because if one obtains from another money or property under a contract to perform service, with intent at the time not to perform the service but with intent to defraud and carries out his intention to defraud by a refusal to perform the service or to pay for the money or property on demand without just cause, he is undoubtedly guilty of a fraud and should be convicted; but on the other hand if no fraud was intended in obtaining the money or property, although he may refuse to perform the service or pay for the money or property, he cannot be subjected to involuntary servitude, neither can he be convicted under this statute. I think the primary purpose of the statute is to punish ·fraud, and not a breach of contract."

Article XIII of the Amendments to the Federal Constitution ratified December 18, 1865, is as follows:

"Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

"Section 2. Congress shall have power to enforce this article by appropriate legislation."

Acting within the power conferred by this amendment Congress enacted that: "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in the Territory of New Mexico, or in any other Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of the Territory of New Mexico, or of any other Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any person as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void." Sec. 1990 U. S. Rev. Stats. 1878 (2nd ed.).

Peonage is a status or condition of compulsory service based upon the indebtedness of the peon to the master. The service is enforced unless the debt be paid, and however created, it is involuntary servitude within the prohibition of the Thirteenth Amendment to the Federal Constitution. Clyatt v. United States, 197 U. S. 207, 25 Sup. Ct. Rep. 429; Bailey v. State of Alabama, 219 U. S. 219, 31 Sup. Ct. Rep. 145.

As "involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted," is forbidden "within the United States" by the Federal Constitution, a crime to be punished by imprisonment cannot lawfully be predicated upon the breach of a promise to perform labor or service. And as "all * * * laws * * * of any * * * State * * * which shall * * * be made to * * * enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons,

in liquidation of any debt or obligation, or otherwise, are declared null and void," the quoted statute of the State making the failure or refusal, without just cause, to perform labor or service pursuant to a promise, a criminal offense, is "null and void" as its effect is to enforce, "directly or indirectly, the voluntary or involuntary service or labor of * * * persons as peons, in liquidation of a debt or obligation," in violation of the quoted Federal Statutes, which, with Amendment XIII of the Federal Constitution comprise the supreme law of the land on the subject. See Article VI of the Federal Constitution; Bailey v. State of Alabama, *supra.*

The conviction sustained in Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150, and affirmed in 240 U. S. 328, 36 Sup Ct. Rep. 258, was for a crime based upon a failure to perform a public service upon State roads as required by statute, not by contract. In Freeman v. United States, 217 U. S. 539, 30 Sup. Ct. Rep. 592, the conviction was predicated upon an embezzlement, not upon the breach of a contract to perform labor or service.

The statute of the State here assailed, by its terms provides punishment, not for obtaining money or other thing of value with intent to injure and defraud, but for failure or refusal, without just cause, to perform labor or service under the contract, or for failure or refusal to pay for the money or other thing of value so received upon demand. By making the failure to perform labor or service under a contract a cause for imprisonment, the statute violates the organic law in a manner that is quite similar to, and not distinguishable from, that condemned in Bailey v. State of Alabama, 219 U. S. 219, 31 Sup. Ct. Rep. 145. The Alabama statute provided that the *failure* or *refusal* to *perform* the *service* must be "with intent to injure or defraud."

The Florida statute does not contain this element with reference to the failure to perform labor and is, therefore, at least as clearly a violation of the Federal law, though the Florida act does not contain other provisions found in the Alabama law that were condemned in the Bailey case.

The judgment is reversed with directions to discharge the petitioner.

BROWNE., C. J., TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.