THE STATE OF FLORIDA, EX REL. F. J. TERRY, *Plaintiff in Error*, v. E. D. VESTEL, CHIEF OF POLICE OF THE CITY OF ORLANDO, *Defendant in Error*.

Opinion Filed April 25, 1921.

1. The Legislature is accorded a wide latitude in enacting titles to Acts, and the subjects of legislation expressed in titles to Acts may be as broad or as restrictive as the Legislature desires, and when the title is not misleading and clearly violative of organic law, the Act will not be held inoperative in whole or in part because of an asserted defective title.

2. Where an Act expresses a single subject, however broad or restrictive, and the Act contains provisions in accord with its title and also contains provisions that are not a part of or properly connected with the single subject that is expressed in the title, thereby making the title misleading, the provisions that are not a part of or properly connected with the subject expressed in the title, may be violative of the constitutional provisions that each law "shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title," and for that reason such provisions may be inoperative.

3. It is not necessary to detail in the title of an Act provisions contained in the Act that are a part of or are properly connected with the subject expressed in the title, and where the subject expressed in the title is by any reasonable intendment sufficiently broad for the provisions of the Act to be embraced therein or to be properly connected therewith, and the title is not misleading, such provisions will not be held to be inoperative, as not being legally incorporated in the Act.

4. While the title of an Act is by the Constitution required to briefly express the subject of the enactment, it need not state matters properly connected with such subject that are embraced in the body of the law; and the language used in expressing the subject of the enactment is within the legislative discretion.

5. If the language of the title considered with reference to the legislative intent as shown by the purpose and object of the Act, may by any fair intendment cover the subject of the Act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germane to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment.

6. A wide latitude must of necessity be accorded the Legislature in its enactments of law; and it must be a plain case of violating the requirements of the organic law as to titles of

Acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith."

7. If the title of an Act fairly gives notice of the subject of the Act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary.

8. Where the title of an Act is "to provide for the assessment and collection of the taxes for the city," etc., the body of the Act may include provisions imposing license taxes upon occupations in the city, without violating Section 16, Article III, of the State Constitution.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Dickinson & Dickinson,* for Plaintiff in Error.

*L. C. Massey,* for Defendant in Error.

WHITFIELD, J.—On writ of error in *habeas corpus* proceedings the question to be determined is whether Chapter 6380, Acts of 1911, entitled "An Act to Amend Section 1 of An Act Entitled 'An Act to Provide for the Assessment and Collection of the Taxes for the City of Orlando, and for the Collection of the Back Taxes and Tax Sale Certificates of said City,' Approved April 30, 1903," may legally include a provision authorizing the city to impose license taxes upon occupations. The Circuit Court held such a provision to justify a conviction for failure to pay a license tax, and a writ of error was allowed and taken under the statute.

Section 16 of Artitcle III of the State Constitution provides that "each law enacted in the Legslature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length."

The Legislature is accorded a wide latitude in enacting titles to acts, and the subjects of legislation expressed in titles to acts may be as broad or as restrictive as the Legislature desires, and when the title is not misleading and clearly violative of organic law, the act will not be held inoperative in whole or in part because of an asserted defective title. See State *ex rel.* Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929.

Where an act expresses a single subject, however broad or restrictive, and the act contains provisions in accord with its title and also contains provisions that are not a part of or properly connected with the single subject that is expressed in the title, thereby making the title misleading, the provisions that are not a part of or properly connected with the subject expressed in the title may be violative of the constitutional provision that each law "shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title," and for that reason such provisions may be inoperative. In re Matter of Executive Communication, 14 Fla. 285; Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669; Carr v. Thomas, 18 Fla. 736; Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441; State *ex rel.* Attorney General v. Burns, 38 Fla. 367, 21 South. Rep. 290; Peters v. Broward, 222 U. S. 483, 32 Sup. Ct. Rep. 122; Wade

v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72; Ex Parte Knight, 52 Fla. 144, 41 South. Rep. 786; State *ex rel.* D'Alemberte v. Saunders, 79 Fla. 835, 85 South. Rep. 333; State *ex rel.* Gonzalez v. Palmes, 23 Fla. 620, 3 South. Rep. 171; Disston v. Board of Trustees of Internal Improvement Fund, 75 Fla. 653, 79 South. Rep. 295; Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508.

It is not necessary to detail in the title of an act provisions contained in the act that are a part of or are properly connected with the subject expressed in the title, and where the subject expressed in the title is by any reasonable intendment sufficiently broad for the provisions of the act to be embraced therein or to be properly connected therewith, and the title is not misleading, such provisions will not be held to be inoperative, as not being legally incorporated in the act. State *ex rel.* Moodie v. Bryan, supra; State v. Bethea, 61 Fla. 60, 55 South. Rep. 550; State *ex rel.* Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767; Potter v. Lainhart, 44 Fla. 647, 33 South. Rep. 351; Amos v. Mosley, 74 Fla. 555, 77 South. Rep. 619; Fine v. Moran, 74 Fla. 417, 77 South. Rep. 533; Florida E. C. R. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272; Ex Parte Gilletti, 70 Fla. 442, 70 South. Rep. 446; Ex Parte Powell, 70 Fla. 363, 70 South. Rep. 392.

While the title of an act is by the Constitution required to briefly express the subject of the enactment, it need not state matters properly connected with such subject that are embraced in the body of the law; and the language used in expressing the subject of the enactment is within the legislative discretion.

If the language of the title considered with reference to the legislative intent as shown by the purpose and

object of the act, may by any fair intendment cover the subject of the act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germaine to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment.

A wide latitude must of necessity be accorded the Legislature in its enactments of laws; and it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith."

If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary. The title need not be an index to the contents of the act. Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150.

While the Constitution expresses a difference between property taxes and license taxes, yet the two may fairly be included in the term "assessment and collection of taxes"; and an act conferring powers upon a municipality to impose both property and license taxes, the title of which act does not express both classes of taxation, the inclusion of both in the body of the act is not necessarily violative of the Constitution, if the title is sufficiently comprehensive to make the provisions of the act by fair intendment a part of, or properly connected with, the subject expressed in the title, and the title is not plainly misleading as to the provisions contained in

the Act; and such provisions will not be held to be inoperative, because not legally embraced in the statute.

In this case the provision as to license taxes may by fair intendment of the language used be embraced in or properly connected with the subject expressed in the title, and it cannot be reasonably said that the title is misleading as to the license tax provision, therefore such provision is not clearly invalid and must be sustained when it is not plainly violative of organic law.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.