IN RE: CHARLES F. DEWOODY.

En Banc.

Opinion Filed July 5, 1927.

*Charles F. DeWoody* in *pro per*, for the motion.

STRUM, J.—Charles F. DeWoody moves for his admission to the Bar under Section 2545, Revised General Statutes, 1920, notwithstanding the provisions of Chapter 10175, Acts of 1925, which creates the State Board of Law Examiners and provides, amongst other things, for the method of examination and admission to the Bar of applicants.

The movement contends that Chapter 10175, *supra,* is inoperative because it violates Article III, Section 16, of the Constitution of Florida, in three respects, namely:

1. In that said Act embraces more than one subject and matters properly connected therewith.

2. In that the subject matter is not fairly expressed in the title to the Act.

3. In that the provision of Article III, Section 16 of the Constitution that "no law shall be amended or revised by reference to its title only, but in such case the Act, as revised, or the Section, as amended, shall be re-enacted and published at length" was not observed in the passage of Chapter 10175, *supra.*

The title of Chapter 10175, *supra,* is:

"AN ACT to Provide for the Appointment of a State Board of Law Examiners, and Prescribe their Powers and Duties, Including the Authority to prescribe Rules of Professional Conduct and Ethics in Their Practice, and to

Make Investigations as to Any Immoral or Sharp Practice or Other Unprofessional Conduct and Report the Same to the State's Attorney of the Circuit Court for Investigation; and Provide for the Maintenance of said Board and the Expenses of Conducting its Business, from Fees to be Collected for Admission Certificates, and Additional Sources When Necessary; and to Provide Penalties for Violation of the Provisions of This Act.''

Under his second ground of objection to the Act the movant contends that ''The gravamen of the Act (Chap. 10175, *supra*) was to change all prior laws relating to Attorney's Admission in order to divest from the Supreme Court the responsibility and full discretion theretofore, over a long period of years, vested in it, as well as to completely abrogate the rule of comity, governing admissions to the Bar of Florida. No word or phrase occurs in the Title as passed to warn of this intention or of any change in either method of admission. The subject of Admission to Practice is not referred to directly or inferentially. Sections 2543 and 2545 (Revised General Statutes, 1920) might be continued in effect to the present without suggestion to the contrary in the Title under discussion, or inconsistentcy therewith.''

The title of the Act contains specific notice that the Act provides for the appointment of a ''State Board of Law Examiners'' and prescribes their ''powers and duties.'' The title also refers to the power of said Board to promulgate rules of professional conduct in the practice of law, as well as to other related matters. The body of the Act, besides providing for the appointment and organization of the Board, further provides:

''Sec. 2. Before any person, other than those already entitled to practice under the provisions of the preceding section, shall be authorized to practice law as an attorney, counsellor, solicitor, or advocate in this State, he or she

shall first obtain a certificate of authority from the State Board of Law Examiners as hereinafter provided.''

The Act also prescribes the method by which such certificates of authority may be obtained, which method is materially dissimilar to the method theretofore prescribed by statute. The movant contends that the several provisions last referred to are beyond the scope of the title.

In Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150, this Court speaking through Mr. Justice WHITFIELD, said:

''While the title of an Act is by the Constitution required to briefly express the subject of the enactment, it need not state matters properly connected with such subject that are embraced in the body of the law; and the language used in expressing the subject of the enactment is within the legislative discretion. If the language of the title considered with reference to the legislative intent as shown by the purpose and object of the Act, may by any fair intendment cover the subject of the Act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germane to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment. A wide latitude must of necessity be accorded the Legislature in its enactments of law; and it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of 'matter properly connected therewith'. If the title of an Act fairly gives notice of the subject of the Act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary. The title need not be an index to the contents of the Act.'' See also State v. Vestel, 81 Fla. 625, 88 South. Rep. 477.

It seems to us that it should be readily inferred from the title that the "power and duties" of a "State Board of Law Examiners" would doubtless pertain, amongst other things, to the examination of candidates for admission to the Bar. The examination of applicants for admission to the Bar is certainly germane to the "powers and duties" of a "State Board of Law Examiners." Even though the language used in the title does not expressly mention in terms the matter of admissions to the Bar, such language is certainly sufficient to lead the average mind to an inquiry into the body of the Act to ascertain what the "powers and duties" of the "State Board of Law Examiners" may be. One thus lead to such an inquiry would readily find in the body of the Act all the provisions relating to admission to the Bar of which the movant now complains. Certainly it does not appear that the form or generality of the title of this Act is deceptive or misleading, or that it resulted in fraud or surprise being practiced upon the Legislature or the public, or that it resulted in a careless and unintentional adoption of the Act. Nor does it appear that the form of the title was employed as a guise to conceal the fact that one of the objects of the Act was to provide a new and different method of examining and admitting qualified persons to practice law. Those portions of the Act relating to examination and admission of applicants by said Board are therefore not open to the objection that the title does not sufficiently express such object, within the meaning of Article III, Section 16 of the Constitution. See State *ex rel.* Buford v: Daniel, 87 Fla. 270, 99 South. Rep. 804, wherein this Court held that the title, "An Act creating a County Welfare Board for each County having a population of over one hundred thousand; prescribing its powers and duties; providing for its financial support and providing for the qualifications of its

members, and repealing Chapters 7336 and 8535, Laws of Florida,'' was sufficient to support the subject matter of that Act which, amongst other things, provided for the transfer of public property and duties from the County Commissioners to the newly created welfare Board for appropriate public purposes. Those duties had previously been performed, and the public property referred to had been previously held and administered by the Board of County Commissioners until the creation of the new agency. See also White v. Penton, 110 South. Rep. 533; State v. Bryan, 50 Fla. 293, 39 South. Rep. 929; State v. Bethea, 61 Fla. 60, 55 South. Rep. 560; *Ex parte* Pricha, 70 Fla. 265, 70 South. Rep. 406; Campbell v. Skinner Mfg., Co., 53 Fla. 632, 43 South. Rep. 874; State v. Allen, 83 Fla. 214, 91 South. Rep. 104; State v. Vestel, 81 Fla. 625, 88 South. Rep. 477; Van Pelt v. Hilliard, 75 Fla. 792, 78 South. Rep. 693.

Under his first ground of objection the movant contends that ''while there may be some general relationship'' between the title of the Act under consideration and those portions of the subject matter of the Act pertaining to the creation of said Board and the examination and admission of applicants by it, as provided in Sections 1 to 16 of the Act, that ''by no possible construction can Section 17, authorizing an attorney to admisister an oath and providing punishment as in perjury for one who thus swears falsely; Section 19, prohibiting partnerships between judges and prosecuting attorneys; nor Section 20, prohibiting an attorney from becoming a surety on an official bond, be said to be related to each other or connected with the general subject embraced in sections which precede those enumerated.''

The movant, however, since he is not now a member of the Bar of Florida, is not prejudiced nor are his rights

affected by the provisions of the several sections last referred to. He will therefore not be heard to assail the constitutional validity thereof since his attack thereon is purely abstract. State *ex rel.* Johnson v. Sarasota, 109 South. Rep. 473; Adams v. American Agricultural Chemical Co., 78 Fla. 362, 82 South. Rep. 850; Land v. State, 77 Fla. 212, 81 South. Rep. 159; Van Pelt v. Hilliard, 75 Fla. 792, 78 South. Rep. 693; Stinson v. State, 63 Fla. 42, 58 South. Rep. 722; State *ex rel.* Clarkson v. Phillips, 70 Fla. 340; 70 South. Rep. 367.

Furthermore, the several sections last enumerated could be eliminated from the Act without impairing the completeness or efficacy of the subject matter thereof as contained in Sections 1 to 16, inclusive, so that the latter portions which affect the movant in this proceeding, would still be operative. Prarie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 81; State v. Bryan, *supra.*

We now consider the third ground of movant's objection to Chapter 10175, *supra.* That Chapter contains no express repealing clause, nor does it in terms undertake to amend any other statute, though its provisions may be in conflict with certain prior statutes, thereby, and to the extent of the manifest inconsistency or repugnancy, effecting the repeal by implication of such prior statutes.

This Court has previously held that:

"It was never intended by the Constitution that every law which would affect some previous statute of varied provisions on the same subject should set out the statute, or statutes, so affected at full length.

"The constitutional provision forbidding the amendment or revision of a law by reference to its title only and requiring the Acts as revised, or section as amended, to be reenacted and published at length does not apply to amendments or repeals of statutes that are effected by implica-

tion, but applies only to laws that assume *in terms* to revise, alter or amend some particular prior Act or section of an Act." Van Pelt v. Hilliard, 75 Fla. 792, 78 South. Rep. 693. See also Lake v. State, 18 Fla. 501; City of St. Petersburg v. English, 54 Fla. 585, 45 South. Rep. 483.

The movant further contends that if this Court construes the expression "in terms" to mean an actual recital of intention to amend a former Act, then the fact that the title of the Act under consideration (Chap. 10175, *supra*) did not recite an intention to modify statutes with which it was in conflict further demonstrates the fact that the title of said Chapter 10175, fails to disclose the real purpose of the Act.

The Legislature is presumed to have known what the existing law was when Chapter 10175 was enacted. It is also presumed to have known what the effect of the enactment of Chap. 10175 would be upon the existing statutes on the subject. The journals of the House and Senate disclose that Chap. 10175 was carefully considered by committees composed of members of the Bar. The following language from State *ex rel.* Buford v. Daniel, *supra,* answers the movant's contention last referred to: "* * * The repeal of the statutes under which the former agencies existed is appropriately a part of the Act under its title, since such repeal is matter properly connected with the establishment of a new agency for similar county purposes, and it is not material whether such repeal be sufficiently referred to in the title of the Act or not."

None of the objections here urged by the movant to the constitutional validity of Chap. 10175, *supra,* are well taken. The motion must be and is hereby denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.