Whitfield, J.
 

 (Dissenting) : Even if the complainant may properly maintain this suit on the allegations demurred to, it seems clear to me that Chapter 14571, Acts of 1929, does not, in its title or in its body, contain two separate and distinct incongruous subjects of legislation. The title is not double or misleading. The recording of deeds of conveyance has relation to the ownership of property and the State has a right to utilize its recording regulations to aid in ascertaining the ownership of property to make the laws of taxation effective.
 

 Where the title of an Act expresses in more or less detail matter to be embraced in the enactment and such matters
 
 *1364
 
 considered together do not express more than one subject of legislation and matters that may properly be connected with such subject, Section 16, Article III, Constitution, is not thereby violated, when t'he title does not contain distinct and incongruous subjects or matters and title is not misleading. See State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. R. 929; Fine v. Moran, 74 Fla. 417, 77 So. R. 533; State v. Bethea, 61 Fla. 60, 55 So. R. 550; State ex rel. Lamar v. Jacksonville Terminal Co., 41 Fla. 363, 27 So. R. 221; Butler v. Perry, 67 Fla. 405, 66 So. R. 150; Cahoon v. Smith, 99 Fla. 1174, 128 So. R. 632; State v. Hand, 96 Fla. 799, 119 So. R. 376; Fine v. Moran, 74 Fla. 417, 77 So. R. 533; I. S. Co. v. Shaetel, 279 U. S. 429.
 

 Where, as in the above cited cases, matters have a casual or potential relation to the general subject of a statute, the title and body of the enactment may make such matters properly connected with the legislative subject. There is a casual or potential relation between requiring deeds of conveyance to contain the premanent post office address of the grantees before the deeds may be recorded and the legislative subject of making returns for tax assessments, the record of the permanent post office address of grantees in conveyances being useful in ascertaining the owners and in making assessment of property for purposes of taxation.
 

 The title and body of Chapter 14571 make the record of .the permanent post office address of grantees in conveyances, matter properly connected with making returns of property for assessment. The title of the Act is requiring owners or those in control of real and tangible personal property to make and file tax returns, “and to that end providing for certain forms and records; prohibiting the recording of deeds and bills of sale unless the post office address of the grantee is stated therein, ’ ’ etc. The body of the Act requires the recording officer to furnish to the tax
 
 *1365
 
 assessor “a list of all transfers of property, both real and personal, as recorded in his office during the preceding year, with the names of the grantees and their permanent post office address as stated in the conveyances recorded. ’ ’ This is done for the purpose of facilitating accurate returns for assessments of property for taxation.
 

 As the matter of requiring the permanent post office address of grantees to be stated in recorded conveyances, has a potential relation to the making of tax returns, reference thereto as made in the title of the Act does not make the title contain two distinct and incongruous subjects; and the title is not misleading as to such matter since it is appropriately referred to in the title.
 

 The subject expressed in'the title of Chapter 1939, Acts of 1873, is “the
 
 acknowledgment
 
 of deeds and other conveyances of lands; ’ ’ and a section of the Act declaring the effect of omitting to
 
 record
 
 a conveyance of land was held to be invalid because it “does not relate to the subject or the object of the Act as expressed in its title, or to any matter properly connected therewith.” Carr v. Thomas, 18 Fla. 736. There is no casual relation between the subjects, and Chapter 1939 did not by appropriate provisions in the title and in the body of the Act, make the
 
 recording
 
 of conveyances matter properly connected with the subject of the
 
 acknowledgment
 
 of deeds or other conveyances of lands. The title was restrictive and misleading in Carr v. Thomas. Likewise in Ex Parte Knight, 52 Fla. 144, 41 So. R. 786; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 So. R. 72 and other cases of restrictive titles.
 

 The provision, that upon failure ‘ ‘ or neglect to make a tax return,” the tax assessor shall add to the “total assessment a penalty of twenty-five per cent (25%) thereof,” means an addition of 25% per cent to the amount of assessment as a penalty and not an addition to the valuation
 
 *1366
 
 of the property to destroy uniformity of valuation, assessments or taxation. The penalty is separate from the tax assessments and is imposed by law for a default in a legal duty; and it may be avoided by a performance of the legal duty that the statute may lawfully require of those who own or control property that is subject to taxation in the State.
 

 Terrell, C. J., concurs. .