M. G. RUSHTON, *et al.,* COUNTY COMMISSIONERS OF MANATEE COUNTY, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.* V. B. COLLINS *et al., Defendants in Error.*

Opinion filed March 8, 1918.

1   A wide latitude must of necessity be accorded the legislature in its enactments of law; and it must be a plain case of

violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith.".

2.  The provision for the payment of the organized militia for services rendered, contained in section 4, Chapter 6946 Acts of 1915, is properly connected with the subject of "organized militia of the State" expressed in the title of the act, and consequently such provision does not violate Section 16, Article III of the Constitution.

3.  The title of Chapter 6946 Acts of 1915 is not misleading, and it need not be an index to the contents of the act.

4.  Only the subject and not "matter properly connected therewith" that is embraced in the act, shall be expressed in the title; and the title may be as brief or as lengthy as the legislature may desire, when it does not express more than one subject and is not misleading.

5.  The service rendered by the organized troops of the State in aid of the civil authorities of a county in enforcing law and order in the county at the request of the county authorities is for a county purpose, and payment therefor by the county does not violate the organic provision for "a uniform and equal rate of taxation," or the Article of the Constitution relating to "militia."

Writ of Error to Circuit Court for Manatee County, F. M. Robles, Judge.

Order affirmed.

*Chas. T. Curry* and *L. A. Morris,* for Plaintiffs in Error;

*Knight, Thompson & Turner,* for Defendants in Error.

WHITFIELD, J.—The Circuit Judge of the Sixth Judicial Circuit being disqualified, the Circuit Judge of the Thirteenth Judicial Circuit issued an alternative writ of mandamus in which it is in effect alleged that the relators are members of the State Militia and National Guard of the State, all being citizens and residents of Hillsborough County, Florida; that a mob had been organized and formed in Manatee County for the purpose of lynching a person accused of crime; that upon the request of the sheriff of Manatee County, the Governor directed the Adjutant General to order the officer in command of the nearest body of troops to Manatee County via Duval County where the defendant charged with the crime was there incarcerated, to proceed, with the troops under him or as many thereof as might be necessary, with all possible promptness to comply with the requests made by the county officials of Manatee County; that thereupon the Adjutant General did order relators to proceed with all possible promptness to protect the said accused criminal from attack and to proceed to Manatee County and to remain in Manatee County to protect the said accused and to preserve the peace in Manatee County, and to preserve order there, and to remain during the trial of the said accused, so that there should be no riot nor any resistance to the execution of the laws nor any breach of the peace; that in pursuance of said orders the relator did proceed to the County of Manatee and did remain in said County during the trial of said accused and until after his conviction and execution, and afterwards by order returned to Hillsborough County; that afterwards regular "payrolls upon regular forms, and regular accounts for subsistence and transportation of said relators to Manatee County and return and during their stay there were regularly made up in accordance with paragraph A

of Section 4 of Chapter 6946 of the Laws of Florida, and such payrolls and accounts, after having been duly audited and duly certified as correct by the commanding officer of the troops, to-wit, V. B. Collins, one of the relators herein, were transmitted by the relators herein to the adjutant-general of the State of Florida and the adjutant-general of the State of Florida thereafter certified all of said payrolls and accounts for payment to the clerk of Manatee County, Florida, where the troops served, to be by said clerk laid before the board of county commissioners for Manatee County, and that the clerk of Manatee county did submit said bills, the same being as follows ,to-wit:

"Pay of troops as shown on certified and approved payrolls .........................$2750.37

Amounts due various creditors for transportation, subsistence, etc., while coming to Manatee county, remaining there, and going therefrom, amounting to ................. 2354.18

"And that the county commissioners of Manatee county, under the advice of the county attorney of Manatee county, to the effect that such bills should be paid by the State authorities and not by the county of Manatee, declined and refused, and still decline and refuse to pay the same."

The alternative writ commanded "the board of county commissioners of Manatee county, State of Florida, do audit and approve the said bills for the pay of troops, as shown and certified and approved on the pay rolls, amounting to Twenty-seven Hundred and Fifty Dollars and thirty-seven cents ($2750.37), and all bills for moneys due other creditors for transportation, subsistence, etc., amounting to Twenty-three Hundred and Fifty-four Dollars and eighteen cents ($2354.18), as shown by the bills

approved and certified   by   the   adjutant-general of the
State of Florida to the county commissioners of Manatee
county; and that you, the said county commissioners, do
provide for the immediate   payment of   such   bills and
claims; or   *  *   *   show cause why you should refuse so
to do."

A demurrer to the alternative writ   was   filed, the
grounds being:

"FIRST. That the facts stated in the alternative writ
are not sufficient to entitle relators to the relief sought.

"SECOND·   That under the provisions of Section 6 of
Chapter 6946 of the Laws of Florida of 1915, it is among
other things provided that the transportation and sub-
sistence of the National Guard of Florida when called
out to preserve the public peace or to execute the laws
of the State, shall be paid by the State out of the State
Treasury on a warrant drawn by the Comptroller upon
the requisition of the Adjutant General, approved by the
Governor.

"THIRD.   That the National Guard of Florida is a
State organization and not a County organization, and
that the expenses   incurred   by   the National Guard of
Florida for transportation and subsistence as set forth
in the alternative writ is not for a County purpose but
for a State purpose, and that Section 4 of Chapter 6946
of the Laws of Florida of 1915, under authority of which
this proceeding is brought, is unconstitutional and void
and in conflict with Section 5 of Article IX of the Con-
stitution of the State of Florida; and   in   conflict with
Article XIV of the Constitution of the State of Florida;
and in contravention of and in conflict with Section 16 of
Article III of the Constitution of the State of Florida.

"FOURTH.   That there is no lawful provision made
for the payment of the expenses incurred by the National

Guard of Florida for transportation and subsistence incurred as set forth in the alternative writ, except the provision therefor made in Section 6 of Chapter 6946 of the Laws of Florida of 1915.

"FIFTH. That subdivision (a) of Section 4 of Chapter 6946, Acts of 1915, amending Section 716 of the General Statutes of Florida, is unconstitutional and void in that it violates that Section of the Constitution of Florida which requires and provides that all acts passed by the Legislature shall contain one subject and matter properly connected therewith, which subject shall be briefly expressed in the title and the title of said Act in question does not express the matter contained in. Subdivision (a).; and also said subdivision of said Section is in conflict with Article 1, Section 9 of the Constitution of the State of Florida, relating to uniform and equal rate of taxation."

This demurrer was overruled, and no further pleadings being filed a peremptory writ was issued. A writ of error was taken, the errors assigned being the overruling of the demurrer to the alternative writ and the issuing of the peremptory writ of mandamus.

The statute to be considered is that portion of Chapter 6946, Acts of 1915, amending Sections 716 and 723 of the General Statutes of 1906, as follows:

"Sec. 4. That Section 716 of the General Statutes of the State of Florida be and the same is hereby amended so as to read as follows:

Section 716. How Ordered out.—When an invasion of or insurrection in the State is made or threatened or whenever there exists a riot, mob, unlawful assembly, breach of the peace or resistance to the execution of the laws of the State, or imminent danger thereof, and the civil authorities are unable to suppress the same, it shall

be the duty of the Commander-in-Chief, or in case he cannot be reached and the emergency will not permit of awaiting his orders, it shall be the duty of the Adjutant-General to issue an order to the officer in command of the nearest body of troops, commanding him to proceed with the troops under him, or as many thereof as may be necessary, with all possible promptness, to suppress the same. In any case where neither the Commander-in-Chief nor the Adjutant-General can be reached, and the exigency of the occasion shall require it, the County Judge of any county where there may exist a riot, unlawful assembly, breach of the peace or resistance to the execution of the laws of the State, or imminent danger thereof, and the civil authorities are unable to suppress the same, shall have the power and authority, and it shall be the duty of such County Judge, upon the application of the Sheriff or the mayor of any city or town in said county, to issue an order to the officer in command of any company, or body of troops, in such county, commanding him to proceed with the troops under him, or as many thereof as may be necessary, with all possible promptness to suppress the same.

(a) All officers or enlisted men while on duty, or assembled therefor, pursuant to the order of the Governor or the Adjutant-General or of a County Judge, issued upon the request of the sheriff of any county, mayor of any city or other civilian official having authority to make demand for the calling out of troops for active service in aid of the civil authorities, shall receive pay at the rate prescribed under Section 723, and such pay, and the cost of subsisting and transporting the troops and such other necessary expenses as may be incurred in providing the services of troops shall be and constitute a charge against the county in which they are called upon to serve.

The regular forms of pay rolls, properly accomplished, and all accounts which have been audited and duly certified as correct by the commanding officer of the troops and by the Adjutant-General, will by the latter, be certified to the clerk of the county where the troops have served or may be serving, to be laid by him before the Board of County Commissioners, and it shall be the duty of such Board to provide for the immediate payment of such claims. If funds are not available in the treasury of the county for the immediate payment of such claims, it shall be the duty of the Board of County Commissioners to issue certificates of indebtedness, payable in not more than eighteen months thereafter and drawing interest at a rate not to exceed six per cent. which certificates shall be sold at public sale and the sum realized applied to the payment of the claims for compensation of troops and expenses aforementioned. The amount thus obtained by the issue of certificates of indebtedness shall be raised by special county assessment in the tax budget for the next succeeding year and applied to the payment and cancellation of such certificates of indebtedness. Provided, that nothing in this (section) shall be construed to prevent the Governor, or the Adjutant-General in the absence of the Governor, from calling forth the troops for the purposes authorized by law whenever emergency may require."

"Sec. 6. That Section 723 of the General Statutes of the State of Florida be and the same is hereby amended so as to read as follows:

Section 723. Pay, Courts-Marshal, Aiding the Civil Authorities, Etc.—All officers serving on court-martial shall be considered in actual service and shall be entitled to transportation, and the same pay as when in attendance at encampments. Witnesses shall be allowed five

cents per mile for traveling expenses and the same pay as witnesses in attendance upon civil courts.

"(a)   When called out under  the article  to aid the civil authorities, or when employed under the orders of the Commander-in-Chief to preserve the public peace, to execute the laws of the State, to suppress insurrection or to repel invasion, the National Guard of Florida, including both officers and enlisted men, shall receive the same pay and subsistence as are at the time allowed by law to those holding similar grades and  positions  in the United States Army; except, that the enlisted men shall receive, in addition to the rate of pay so allowed for their respective grades, the additional sum of fifty cents per each day; and all officers and enlisted men so called out shall be provided with transportation when ordered away from home.

"(b)   The Comptroller shall, upon requisition of the Adjutant-General, approved by the Governor, draw his warrant upon the Treasurer for such expenditures as are authorized under this section, which shall be paid from any moneys in the Treasury not otherwise appropriated."

The State Constitution contains the following: Section 5, Article IX.  "The legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation."   *   *   *.

Section 9, Article XVI as amended in 1894.   "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines

VOL. 75, JANUARY TERM, 1918.          431

Rushton et al. v. The State of Florida ex rel.—Opinion of Court.

and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses."

The title of Chapter 6946 is as follows: "AN ACT to Amend Sections 674, 680, 691, 716, 722, 723 and 733 of the General Statutes of the State of Florida, Relating to the Organized Militia of the State."

The amendment to Section 716 is by the addition of paragraph "(a)" of the Section.    It cannot be said with confidence that the portion of Section 716 added thereto by the amendment, providing as it does for payment by the county of the expenses of the State troops when ordered out "upon the request of the sheriff of any county, mayor of any city or other civilian official having authority to make demand for the calling out of troops for active service in aid of the civil authorities," is clearly not embraced in or "properly connected" with the subject "Relating to the organized Militia of the State" as briefly expressed in the title, so as to render the provision inoperative because in positive conflict with the provision of the constitution that "each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." Sec. 16 Art. III, Const.

A wide latitude must of necessity be accorded the legislature in its enactments of law; and it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of "matter properly connected therewith."    Butler v. Perry; 67 Fla. 405, 66 South. Rep. 150.

The subject briefly expressed in the title of the act is

one "relating to the Organized Militia of the State." It is single and comprehensive, and by the terms of the constitution the act may contain "matter properly connected" with the subject that is expressed in the title.    Payment of the organized militia for service rendered is "properly connected" with the subject of "organized militia."    It is true the addition to Section 716 is new matter providing for payment for services of the militia in a way not included in the law  before the  amendment,  yet being properly connected with the subject of the enactment as expressed in the title, it does not violate Section 16 of Article III, and it should be made effective if it does not conflict with some other provision of organic law.  The title is not misleading and need not be an index to the contents of the act.    Only the subject and not "matter properly connected therewith" that  is embraced  in the act, shall be expressed in the title; and the title may be as brief or as lengthy as the legislature may desire, when it does not express more than one subject and is not misleading.    See Ex parte Gilletti, 70 Fla. 442, 70 South. Rep. 446; State *ex rel.* Lamar v. Jacksonville Terminal Co., 41 Fla. 363, 27 South. Rep. 221; Fine v. Moran, 74 Fla. 417, 77 South. Rep. 533.

The militia organizations under the statutes are "The Reserved Militia," "The Organized Militia,"  including the "National Guard of Florida," the "Naval Militia" and "County Guards."    Secs. 662, 670, 738 *et seq.* Gen. Stats. 1906, Chap. 7292 Acts 1917.    If Sections 4 and 6 of Chapter 6946 may both  operate  within  constitutional limitations, they should be given appropriate effect, each within its proper sphere of operation.

Section 4 of Chapter 6946 amending Section 716 of the General Statutes of 1906, applies where  any  "body of troops" are "on duty or assembled therefor, pursuant to

the order of the Governor or the Adjutant General or of a County Judge, *issued upon request of the sheriff of any county, mayor of any city or other civilian official having authority to make demand for the calling out of troops for active service in aid of the civil authorities.*" The County Judge can order out only troops that are in his county. The Governor or Adjutant General may order out "the nearest body of troops."

Section 6 of Chapter 6946 amending Section 723 of the General Statutes of 1906, provides that "When called out under the article to aid the civil authorities, or when employed under the orders of the Commander-in-Chief to preserve the public peace, to execute the laws of the State, to suppress insurrection or to repel invasion, the National Guard of Florida, including both officers and enlisted men," shall be paid by the State.

This Section is confined to the National Guard of Florida and applies when they are not ordered out "upon the request of the sheriff," etc., as provided for in Section 716 as amended. This is made clear by the proviso to Section 716 as amended, which proviso is as follows: "Provided, that nothing in this (section) shall be construed to prevent the Governor, or the Adjutant-General in the absence of the Governor, from calling forth the troops for the purposes authorized by law whenever emergency may require." The expenditures here involved are not for maintaining the State Militia, but for services rendered in aid of the county officers in enforcing the laws in the county. It does not appear that the service rendered by the troops in aid of the civil authorities of the county in enforcing law and order in the county under the circumstances stated in the alternative writ is clearly not a county purpose, and the legislature has determined that it is a county purpose by enacting Section

28—Vol. 75

4, Chapter 6946. This being so the Section is not in undoubted conflict with Section 5 of Article IX of the constitution providing that "The legislature shall authorize the several counties * * * in the State to assess and impose taxes for county * * * purposes, and for no other purposes." See Board of Com'rs. of Escambia County v. Board of Pilot Com'rs. of Port of Pensacola, 52 Fla. 197, 42 South. Rep. 697, 120 Am. St. Rep. 196; Cotton v. County Commissioners of Leon County, 6 Fla. 610; Stockton v. Powell, 29 Fla. 1, 10 South. Rep. 688. Under the constitution the costs and expenses of criminal prosecutions are to be borne by the county where the crime is committed. Sec. 9 Art. XV as amended.

It does not appear that Section 4 of Chapter 6946 is a violation of the organic provision for "a uniform and equal rate of taxation," or that such Section is in conflict with Article XIV of the constitution relating to "Militia". Counsel for the plaintiffs in error have exhaustively discussed all phases of their contentions; but no material error appears in issuing the peremptory writ of mandamus.

Affirmed·

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.