C. E. CHRISTENSEN, Sheriff, Martin County, and R. L.
DOWLING, State Supervisor of Conservation, v. COM-
MERCIAL FISHERMEN'S ASSOCIATION, EARNEST L. RICOU,
and J. P. BLAKESLEE.

187 So. 699.
Division A.
Opinion Filed February 14, 1939.
Rehearing Denied April 18, 1939.

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Sumner & Sumner,* for Plaintiffs in Error;

*Claude Ogilvie,* for Defendant in Error.

BUFORD, J.—The appeal is from a restraining order, as follows:

"This cause coming on for hearing, upon application of complainants, after notice to the respondent, R. L. Dowling, as Supervisor of Conservation of the State of Florida, and after the said R. L. Dowling communicating with the Court in connection herewith; and upon reading the Bill of Complaint, and upon consideration of the title and the several sections of Chapter 18676, Laws of 1937; it appearing that the complainants, upon the facts stated in the petition, are entitled to the relief prayed for;

"IT IS, THEREUPON, ORDERED, ADJUDGED AND DECREED;

That a temporary injunction be granted herein, enjoining the defendants C. E. Christensen, as Sheriff of Martin County, Florida, and R. L. Dowling as Supervisor of Conservation of the State of Florida, and their deputies, agents, servants and employees, respectively from enforcing the provisions of Chapter 18676, Laws of 1937, of the State of Florida, until the further order of this Court. This order shall become effective upon the filing in this Court complainant's bond in the sum of five hundred ($500.00) dollars, to be approved by the Clerk of this Court, and conditioned that complainants will pay all costs of court and damages that the State of Florida might sustain by the improper issuance of this temporary injunction."

The legislative Act, (Chapter 18676, Special Acts of 1937) under which respondents were assuming to proceed against the relators is set out in the opinion prepared by Mr. Justice CHAPMAN in this case. The Act is a special local Act. The legislative record fails to show compliance with Section 21 of Article III of the Constitution requiring proof of advertising but did provide for a referendum election.

The title of the Act limits its application to "the inside salt waters in Martin County, Florida," and to "any haul seine or drag net." The words "haul seine or drag net" have a definite meaning as used in connection with the fishing industry and such terms do not contemplate or include "cast nets, trammel nets, gill nets, pound nets" and many other nets in common use in the fishing industry. The words "inside waters" also have a definite and well known meaning. The term when used as in this Act means the waters inside of land barriers and excludes application to waters outside of land barriers.

Section 2 of the Act provides as follows:

"Section 2. It shall be unlawful for any person, firm

or corporation, to fish or cause to be fished any net or nets of any kind, except a common case net, within a radius of two miles from the center of St. Lucie Inlet in either the inside or outside waters of Martin County."

This is one of the prohibitory sections of the Act and it is contrary to and not confined to the definite limitations contained in the title to the Act.

Where the title of an Act restrictively expresses its subject and the subject dealt with in the body of the Act is correspondingly restricted, such title is constitutionally sufficient. West v. State, 50 Fla. 154, 39 So. 412; South Florida Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334. But titles to bills must not be misleading or tend to avert inquiry as to the provisions of the Act. The title taken as a whole must be sufficient by fair intendment to cover the subject matter of the Act and must not be so worded as to mislead an ordinary mind as to the real purpose and scope of the enactment. State v. Burns, 38 Fla. 367, 21 So. 290; Sheip Co. v. Amos, 100 Fla. 863, 130 So. 699; State v. Knott, 114 Fla. 120, 154 So. 143; Spencer v. Hunt, 109 Fla. 248, 147 So. 282.

So, the title to the legislative Act was so restrictive as to exclude the contrary provisions of Section 2 of the Act. As Section 2 contains a prohibitory clause and as its provisions cannot be read into the purview of the title of the Act, the provisions of that section must be held to be unconstitutional and of no force and effect.

It cannot be said that the infirmities of the Act were cured by the so-called referendum election because the record here shows that the notice to electors of the election was as misleading as was the title to the Act. The pertinent part of the resolution in this regard is:

"WHEREAS, The Legislature of the State of Florida, at its 1937 Session passed two (2) certain Acts relating to

fishing in Martin County, Florida, the title of which Acts are set out below, and

"WHEREAS, under the provisions of said Acts, it is the duty of the Board of County Commissioners of Martin County, Florida, to call an election in said County and submit same to the qualified voters thereof on December 6th, 1937, for the purpose of determining whether or not said Acts shall become effective in Martin County, Florida,

"Now, THEREFORE, BE IT RESOLVED, by the Board of County Commissioners of Martin County, Florida, that an election be, and the same is hereby called and ordered held in Martin County, Florida, on December 6th, 1937, for the purpose of determining whether or not said Act shall become effective in Martin County, Florida

"BE IT FURTHER RESOLVED That the official ballot for such election shall be as follows:

"OFFICIAL BALLOT FOR SPECIAL ELECTION to be held in MARTIN COUNTY, FLORIDA, to determine whether or not a certain Act of the 1937 Session of the Legislature of Florida, the title of which is as follows:

## " 'HOUSE BILL No. 2017

" 'AN ACT MAKING IT UNLAWFUL FOR ANY PERSON, PERSONS, FIRM OR CORPORATION TO FISH OR CAUSE TO BE FISHED ANY HAUL SEINE OR DRAG NET IN ANY OF THE INSIDE SALT WATERS IN MARTIN COUNTY, FLORIDA, AND PROVIDING A PENALTY FOR VIOLATION OF THIS ACT AND SPECIFYING THE TERMS AND CONDITIONS IN WHICH THIS ACT SHALL TAKE EFFECT, AND REPEALING ALL LAWS IN CONFLICT HERETO,

"Shall become effective in Martin County, Florida.'

"
---------------------------------------------------------------

For prohibiting seining.

"
---------------------------------------------------------------

Against prohibiting seining.

"The voters shall make a cross mark before the word 'For' or word 'Against' in the above lines, indicating his choice."

So the electors were not advised that they were required to vote for or against the approval of an Act which prohibited "any person, firm or corporation to fish or cause to be fished, any net or nets of any kind, except a common case net, within a radius of two miles from the center of St. Lucie Inlet, in either the inside or outside waters of Martin County;" but they were only advised to vote for or against the approval of an Act which made it unlawful for "any person, persons, firm or corporation to fish or cause to be fished any haul seine or drag net in any of the inside salt waters in Martin County, Florida."

The two propositions are entirely different and the purported Section 2 of the Act is invalid.

Section 1 of the Act, however, which is as follows:

"It shall be unlawful for any person, persons, firm or corporation, to fish, or cause to be fished, any haul seine or drag net in any of the inside salt waters in Martin County, Florida" is within the purview of the title and the Act is a valid and workable law with the provisions of Section 2 eliminated.

So it is, the restraining order should be modified so as to enjoin the enforcement of the Act except insofar as the respondents act within the purview of Section 1 of the Act, and, when so modified, should stand affirmed.

Costs of the proceedings in this Court should be taxed

in equal amounts, one-half against the Appellants and the other half against the Appellees.

So ordered.

TERRELL, C. J., and THOMAS, J. J., concur.

WHITFIELD and BROWN, J. J., concur in opinion and judgment.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting)—This case is here on appeal from an interlocutory order dated March 17, 1938, entered by the Circuit Court of Leon County, Florida, granting a temporary restraining order against the Sheriff of Martin County, Florida, and the Supervisor of Conservation of the State of Florida, against the enforcement of the provisions of Chapter 18676, Laws of 1937, being a special or local law applicable only to Martin County, Florida. The restraining order was entered upon the theory that Chapter 18676, *supra,* was unconstitutional and void. The material portions of Chapter 18676, Special Acts of 1937, for consideration in this case are, viz.:

"CHAPTER 18676 — (No. 970).

"HOUSE BILL No. 2017

"AN ACT Making it Unlawful for 'any Person, Persons, Firm or Corporation to Fish or Cause to Be Fished any Haul Seine or Drag Net in any of the Inside Salt Waters in Martin County, Florida,' and Providing a Penalty for Violation of This Act and Specifying the Terms and Conditions in Which This Act Shall Take Effect, and Repealing All Laws in Conflict Hereto.

"*Be It Enacted by the Legislature of the State of Florida*:

"Section 1. It shall be unlawful for any person, persons, firm or corporation, to fish, or caused to be fished, any haul

seine or drag net in any of the inside salt waters in Martin County, Florida.

"Section 2. It shall be unlawful for "any person, firm or corporation, to fish or cause to be fished, any net or nets of any kind, except a common cast net, within a radius of two miles from the center of St. Lucie Inlet, in either the inside or outside waters of Martin County."

"Section 3. Any one violating this Act shall be punished as provided by the General Law for punishment of misdemeanors.

"Section 4. All laws and parts of laws, both general and special, in conflict with this Act are hereby repealed, provided, however, that nothing in this Act shall be construed to repeal, modify or interfere with the provisions or operation of that certain Act passed at this regular session of the Legislature of Florida of 1937 being House Bill 773, entitled 'An Act making it unlawful to fish, or cause to be fished, or use, or cause to be used, any drag nets, haul seines, gill nets, or other nets, except common cast nets used for the purpose of catching bait, in that part of Martin County, Florida, located within the territory beginning * * * (etc.)'

"Section 5. Before this Act shall become effective, however, it shall be ratified by the affirmative vote of a majority of the votes cast at an election to be held in Martin County, Florida. Said election shall be held December 6, 1937, after the date of approval of this Act by the Governor or upon its becoming a law without such approval. The board of County Commissioners of Martin County, Florida, shall call and provide for such election and shall canvass the returns thereof and declare the result thereof not later than two (2) days after said election. At such election only duly registered voters shall be qualified to

vote and payment of poll tax shall not be required. Notice of such election shall be published once each week for two consecutive weeks in some newspaper published in Martin County, Florida. Said election shall be held in accordance with the law governing general elections, except as otherwise provided in this Act.

"Section 6. It shall be the mandatory duty of the Board of County Commissioners to call an election as provided for in this Act.

"Section 7. In the event a majority of the votes cast in said election shall be declared in favor of the ratification of this Act, then this Act shall be operative and effective on the First day of April, 1938. In the event that the ratification of this Act shall not receive a majority of said votes cast at said election, then this Act shall be ineffective and inoperative for any purpose, however, for the purpose of calling, holding and declaring the result of said election this Act shall become effective immediately upon its becoming a law."

While the order appealed from is silent as to the reasons or grounds in the mind of the Court below for the unconstitutionality of the Act, *supra,* it is gleaned from the record and the briefs that the Act was held unconstitutional and void: (a) because the same is in violation of Section 16 of Article III of the Constitution of Florida; (b) that no legal election on the referendum clause contained in Section 5 of said Act was held.

The material portion of Section 16, Article III of the Constitution of Florida against which Section 5 of the Act, *supra,* offends is, viz.:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; * * *

It is contended that the use of the words "haul seine or

drag net" appearing in the title is not broad enough to include the words "any net or nets of any kind" appearing in Section 2, *supra*.

In determining whether or not the title of an Act of the Legislature complies with the requirements of Section 16 of Article III of the Constitution of Florida, courts disregard verbal inaccuracies, resolve reasonable doubt in favor of validity, and hold generally that in order to warrant condemnation of an enactment for failure to comply with the requirements of the Constitution, *supra,* the violation thereof must be substantial and plain. See Sheip Co. v. Amos, 100 Fla. 863, 130 So. 699. It has been repeatedly held by this Court that wide latitude is accorded the Legislature in its enactment of law, and it must be a plain case of violating the requirements of the organic law as to titles of Acts before the courts will nullify statutes. See Rushton v. State, 75 Fla. 422, 78 So. 345; Williams v. Dormany, 99 Fla. 496, 126 So. 117.

In determining the constitutionality of a statute courts should be guided by the substance and manner of operation, rather than the form in which the Act is cast. See Gray v. Central Florida Lbr. Co., 104 Fla. 446, 140 So. 320. Likewise, the language, the history and the purpose and objective of the Legislative Act are each to be considered in construing or interpreting a statute.

It will be observed that the title of the Act refers to "haul seine or drag net" and Section 2 thereof refers to "nets of all or any kind." The Legislature was dealing with the subject of nets as it applied to fishing in certain waters of Martin County. Nets used in the taking of fish from these waters were the objectives of the Act. The doctrine *ejusdem generis,* when employed as an aid to statutory construction, is that where an enumeration of specific things is followed by more general words or

phrases, such general word or phrase will usually be construed to refer to the things of the same kind or species as those specifically enumerated. See Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A. L. R. 698; Chardkoff Junk Co. v. Tampa, 102 Fla. 501, 135 So. 457; Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 814, 52 A. L. R. 51. ·We do not believe that Section 2 of the Act *supra* is subject to the criticism as contended for by counsel for plaintiff in the lower court.

It is next contended that the lower court erred in not entering an order dissolving the temporary injunction previously issued, the pertinent reasons or grounds for dissolving the injunction being: (a) that Chapter 18676, Acts of 1937, being a local Act, was not advertised as required by Section 21 of Article III of the Constitution of Florida; (b) that the allegations of the bill of complaint show that the Board of County Commissioners failed to call and conduct an election in substantial conformity with Section 5 of Chapter 18676, *supra.* The record shows that the voters of Martin County, pursuant to an election called by the Board of County Commissioners under Section 5 of the Act passed upon the question at the polls of whether or not they wanted seine or drag net fishing in Martin County. The record shows that the voters of the County expressed themselves at the polls pursuant to an election held under Section 5 of Chapter 18676, *supra,* when 421 voted for prohibiting seining and 413 voted against prohibiting seining, and the entire proceedings held under the Act were incorporated in and made a part of the motion to dissolve the temporary restraining order. We have examined the proceedings made a part of the motion to dissolve, likewise have examined the briefs filed by counsel, and we fail to find that the proceedings held by the Board of County Commissioners of Martin County in calling the election

were void or fatally defective. It appears to us that the proceedings were in substantial compliance with the Act and that the lower Court should have sustained the motion to dissolve the temporary restraining order previously issued. The Court should be satisfied that a clear case for injunction is made by the bill of complaint before granting a temporary injunction or restraining order. See Godwin v. Phifer, 51 Fla. 441, 41 So. 597.

The granting of the restraining order or temporary injunction rests in the sound judicial discretion of the trial court, and the court is guided by the established rules and principles of equity jurisdiction arising from the facts of the particular case. See McMullen v. County of Pinellas, 90 Fla. 398, 106 So. 73; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Holt v. DeLoach-Edwards Co., 56 Fla. 902, 48 So. 1039; Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198; McKinne v. Dickenson, 24 Fla. 366, 5 So. 34; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574; 127 St. Rep. 155, 16 L. R. A. (N. S.) 307, 14 Ann. Cas. 472; Viser v. Willard, 60 Fla. 395, 53 So. 501; Linton v. Denham, 6 Fla. 533.

I think the court below erred in its order dated April 14, 1938, denying the motion to dissolve the temporary injunction and for this reason the order appealed from should be reversed, with directions for further proceedings by the lower court not inconsistent with the opinion.