GEORGE TRAWICK, as Clerk of the Court of Record in and for Escambia County, Florida, v. STATE OF FLORIDA *ex rel.* W. C. RIGBY, Individually and as Constable of Justice of the Peace District No. 4 in and for Escambia County, Florida.

1 So. (2nd) 641
Division A
Opinion Filed April 18, 1941

*Jones & Latham,* for Plaintiff in Error;

*Philip D. Beall* and *Philip D. Beall, Jr.,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment in favor of relator in mandamus proceedings wherein relator sought to coerce the Clerk of the Court of Record of Escambia County to allow relator to sign the payroll as a witness in the office of the respondent in the case of State of Florida v. Jack Coffield, a criminal case pending in the court of record in which the relator was subpoenaed and required to attend the trial and did attend the trial, as a material witness for the State.

The respondent-clerk filed return in which he alleged in effect that the relator was not entitled to sign the payroll or

receive fees as a witness because of the provisions of Sub-section (d) of Section 43 of Chapter 19554, Acts of 1939, which subsection provides:

"(d) No Sheriff, Deputy Sheriff, Constable, Deputy Constable, Highway Patrolman or other person employed or paid by the State or any county thereof as a law enforcement officer, shall be entitled to witness fees or to mileage when summoned to testify in any court, sitting in the county in which he holds office, is employed, or has his residence."

Relator alleged that this statutory provision was without effect because its inclusion in Chapter 19554, *supra,* is contrary to Section 16, Article III, of the Constitution of Florida, which provides: "Section 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the Act, as revised, or section, as amended, shall be reenacted and published at length." In that the provision of paragraph (d) of Section 43, *supra,* was not within the purview of the subject as expressed in the title and was not a matter properly connected therewith.

The title of the Act is as follows:

"An Act relating to Criminal Procedure; To the Issuing of Warrants and Capiases and the Execution Thereof; To Preliminary Examinations and Bail; To Methods of Prosecution; to the Selection and Duties of the Grand Jury; To Indictments and Informations and Process Thereon; to Arraignment, Motions and Pleas; to Jurisdiction and Venue; to Change of Judges and Removal of Causes; to Trial by Jury and Waiver of Trial; to Presence of the Defendant; to dismissal of Prosecution, and Continuances; to Proceedings To Determine Mental Condition of Defendant; to Conduct of Trial and Jury; to Motions for a New Trial and

in Arrest of Judgment; to Judgment, Sentence and Execution; To Provide for Use of Evidence at a Former Trial; to Appeal; to Revise, Re-Enact and Consolidate the Law Relating to Criminal Procedure; to Powers and Duties of Administrative, Judicial and Prosecuting Officers; to Capital Punishment; to Repeal Certain Laws and All Other Laws and Part of Laws in Conflict Herewith and Prescribing a Penalty for any Officer or Other Person Violating the Provisions of This Act."

The provisions of paragraph (d), *supra*, must be construed in connection with the remainder of the Act and when so construed such provisions are limited in application to witnesses in criminal cases.

In Spencer as Sheriff v. Hunt, 109 Fla. 248, 147 Sou. 282, it was held: "Title of Act, when giving reasonable notice of scope and leading to inquiry regarding contents, is sufficient." And, "Before court will nullify statute, constitutional requirement that title express subject must be plainly violated." In that case we also said:

"When the title of the Act expresses its subject with such sufficient certainty as to give reasonable notice of matters dealt with by the Act and of its scope, and reasonably leads to inquiry as to its contents though not an index to the Act as to all its related provisions, it is sufficient. See Lainhart v. Catts, 73 Fla. 735, 75 Sou. Rep. 47.

"There must be a plain violation of the requirements of the constitutional section and article referred to before the Court will nullify statutes as not being within the subject embraced in the title and of 'matter properly connected therewith.' Rushton v. State *ex rel.* Collins, 75 Fla. 422, 78 Sou. Rep. 345; Smith v. Chase, 91 Fla. 1044, 109 Sou. Rep. 94; Van Pelt v. Hilliard, 75 Fla. 792, 78 Sou. Rep. 693; State *ex rel.* Terry v. Vestel, 81 Fla. 625, 88 So. Rep. 477."

Section 2712 R. G. S., 4379 C. G. L., provides for com-

pensation of witnesses generally in certain named courts. Section 6019 R. G. S., 8313 C. G. L., provides also generally for compensation for witnesses in certain courts.

While Section 43 of Chapter 19554, *supra,* does not in terms repeal either of the above mentioned general statutes, we must hold that the provisions thereof do, by implication, repeal and supersede the provisions of such general Acts insofar as the provision of Section 43, *supra,* are applicable. The title to this 1939 Act is sufficient to include all matters connected with criminal procedure. The procurement and compensation of witnesses in criminal cases are certainly matters properly connected with criminal procedure.

No other question being presented, the judgment is reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.