SMITH, Judge.
Appellants challenge a final summary judgment entered by the circuit court upholding the constitutionality of Sections 57-59 of Chapter 83-310, Laws of Florida (1983). We reverse and remand for further proceedings.
Appellants filed suit to prevent appellee Randy Miller, in his official capacity as executive director of the Florida Department of Revenue, and appellee Department of Revenue, from enforcing Sections 57-59 of Chapter 83-310, Laws of Florida (1983). Appellants contend that the aforementioned sections, when compared to the remainder of Chapter 83-310, violate the single-subject provision of the Florida Constitution, Article III, Section 6, which mandates that “every law shall embrace but one subject and matter properly connected herewith....”
Chapter 83-310, titled the Water Quality Assurance Act of 1983, was divided into twelve parts, one of which, entitled “sewage treatment,” contained the challenged Sections 57-59. These sections amended Chapter 212, Florida Statutes, the Florida Sales Tax Law. As explained by appellees, these amendments to Chapter 212 required certain individuals and businesses to estimate their sales tax liability and pay the Department of Revenue (department) sixty-six percent (66%) of the total estimated sales tax liability by the twentieth day of each month, which altered the prior practice whereby the sales tax was not required to be remitted to the department until the twentieth day of the following month. This so-called “step-up” procedure allowed the department, for the fiscal year 1984, to receive thirteen sales tax payments instead of the normal twelve payments under prior law.
Appellants filed a motion for summary judgment, contending that Sections 57-59 of Chapter 83-310 violated Article III, Section 6 on their face. Appellees filed a memorandum in opposition to the appellants’ motion. In the memorandum, appel-lees asserted that Sections 57-59 were designed to raise revenue for the financing of certain trust funds established by Chapter 83-310. In support of this contention ap-pellees incorporated into their memorandum and offered at the hearing below a document titled “Cash Flow Analysis of Water Quality Bill.” This document, purportedly generated by a legislative committee considering Chapter 83-310, spells out *42 various sources of revenue and contemplated expenditures for fiscal years 1983-1985. Among the sources of revenue cited in the “Cash Flow Analysis” for fiscal year 1983-1984 is a “sales tax step-up” of one hundred million dollars. However, Sections 57-59 are not cited as the source of this “step-up” revenue. No affidavit or sworn statement accompanied this document, nor did appellee present any other evidence. The trial judge ruled that Sections 57-59 of Chapter 83-310 were not in violation of Article III, Section 6, and thus not unconstitutional. The summary judgment contained a finding that Chapter 83-310 is a comprehensive act whose overall objective is preservation of clean water. Citing to the establishment of certain trust funds to finance clean-up and other operations authorized by Chapter 83-310, the trial judge further found that funding of these trust funds was a key ingredient of the act. In this regard, he found that Sections 57-59 were a source of funding for the aforementioned trusts. The trial judge did not indicate in his order and final judgment whether he based this factual finding strictly on examination of Chapter 83-310 or whether he relied on the “Cash Flow Analysis” document as well. In any event, he found that Sections 57-59 tended to make effective or promote the objectives of Chapter 83-310, thus rendering these sections constitutional under City of Ocoee v. Bowness, 65 So.2d 7 (Fla.1953). Since both sides agreed that Chapter 83-310 was plain on its face and could be decided without additional testimony or affidavits, the trial judge denied appellants’ motion for summary judgment, and granted summary judgment in favor of appellees.
Contrary to the ruling below, we find that appellees were not entitled to summary judgment as a matter of law. Prior case law interpreting Article III, Section 6 indicates that in order to be upheld, a statutory provision challenged on single-subject grounds must be a necessary incident to the statute it is a part of, making effective or promoting the object or purpose of the legislation. Smith v. Chase, 91 Fla. 1044, 109 So. 94 (Fla.1926). The corollary of this formulation is that the challenged provision must not be designed to accomplish an object or purpose separate from that of the remainder of the legislation. State, ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270 (Fla.1935). The latter statement of the test is clearly violated here.
Examining Chapter 83-310 facially, we find there is no logical or factual connection between the regulation of water quality and amendment of the state’s sales tax collection law. Sections 57-59 are not remotely germane to the purposes or objectives found in the remainder of Chapter 83-310. The amendments disclose no facial or intrinsic motive or purpose relating to funding of the state water pollution control trust funds. Furthermore, the remainder of the statute offers no explanation of the fiscal significance of these sections in relation to activities mandated by its other provisions. Cf. Rushton v. State, 75 Fla. 422, 78 So. 345 (Fla.1918) (statute regulating militia included provision for militia’s payment). The act says absolutely nothing about how the revenue generated by amending Chapter 212 is to be spent. The subject dealt with in Sections 57-59 is entirely outside of the legitimate scope of Chapter 83-310. “There is nothing in common between the two.” Colonial Investment Co. v. Nolan, 100 Fla. 1349, 131 So. 178, 181 (Fla.1930).
Nor can the facial unconstitutionality of Sections 57-59 be alleviated by reference to the “Cash Flow Analysis,” since this unsworn and unauthenticated document was not a part of the record, and could not be considered as establishing facts in support of appellees’ summary judgment motion. This document was nothing more than a compilation of information based upon statements or work products of others. Cf. Florida Power Corporation v. Zenith Industries Company, 377 So.2d 203 (Fla. 2d DCA 1979). Moreover, even had that document properly been considered by the trial court, it would not support the trial court’s ruling, *43 since it failed to state, either explicitly or implicitly, that the one hundred million dollar figure it mentions would have been generated by the amendments to Chapter 212 found in Sections 57-59, or that the monies were to be earmarked for use in one of the Chapter 88-310 trust funds.
We emphasize that we do not presently have before us the question of the constitutionality vel non of Sections 57-59. Although we have determined their facial lack of compliance with Article III, Section 6 of the Florida Constitution, precluding summary judgment against appellants, we do not now determine whether this defect is curable by the production of extrinsic evidence, nor do we comment on what form of evidence might possibly be sufficient for this purpose. Appellees obviously take the position that validity of the challenged provisions can be established. Whether appellants contend otherwise is not entirely clear. We think the case in its present posture is such that a ruling by the trial court should precede any dispositive ruling by this court on these issues. See Groff G.M.C. Trucks v. Driggers, 101 So.2d 58, 61 (Fla. 1st DCA 1958) (Wigginton, J.) (reviewing court is not authorized to direct lower court as to how pending proceedings should be handled by it, except insofar as such proceedings may be affected by errors assigned on appeal and disposed of by its opinion); accord Pullman Co. v. Fleishel, 101 So.2d 188 (Fla. 1st DCA 1958).
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS and WIGGINTON, JJ., concur.